1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SEAN L. CASEY, II,                          No. 2:24-cv-01316-EFB (PC)

12                  Plaintiff,

13          v.                                     ORDER

14    JEFF LYNCH, et al.,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

19    forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 6.

20                              Leave to Proceed In Forma Pauperis

21          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §

24    1915(b)(1) and (2).

25                                    Screening Standards

26          Federal courts must engage in a preliminary screening of cases in which prisoners seek

27    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3    relief." *Id.* § 1915A(b).

4         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5    of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and

6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11   U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14   action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of

15   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16   678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18   *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

19   content that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a

21   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24                       Screening Order

25        Plaintiff claims that, on March 8, 2024, while he was working a prison job, defendant

26   Correctional Officer Rojas told him to "go sit the f**k down somewhere." ECF No. 1 at 3. A co-

27   worker continued to work without "harassment." *Id.* Plaintiff asked unidentified correctional

28   officers in "CTC1" that he "not be strictly scrutinized and harassed while working." *Id.*

1    The next day, defendant Correctional Officer Igbokwe "retaliated" against plaintiff by

2    refusing to allow him to work, saying, "I don't want you here."  *Id.*  Plaintiff had not been found

3    guilty of any policy violation that would justify his removal from his job, but Igbokwe lied and

4    said that plaintiff had made the women in CTC1 uncomfortable.  *Id.*

5    These allegations do not state a cognizable claim for violation of the U.S. Constitution.

6    There is no constitutional right to a prison job.  *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir.

7    1997).  At-will government employees can be fired based on mistaken or unreasonable

8    information, and there is no claim based solely on being treated worse than other similarly-

9    situated employees.  *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 606-08 (2008).

10    Being fired from a prison job may form part of a claim of retaliation in violation of the

11    First Amendment, however, where the elements of such a claim are satisfied.  To state a claim for

12    retaliation in violation of the First Amendment, a prisoner must allege facts showing five

13    elements: (1) that a state actor took some adverse action against him (2) because of (3) his

14    protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5)

15    that the action did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*,

16    408 F.3d 559, 567-68 (9th Cir. 2005).

17    Here, plaintiff has failed to allege facts showing that he was fired because he engaged in

18    conduct protected by the First Amendment.  A public employee's speech is protected by the

19    Constitution only if it is made as a citizen on a matter of public concern, rather than pursuant to

20    the employee's official duties.  *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *Yescas v.

21    McCourt*, No. 3:23-cv-00106-TWR-AHG, 2024 U.S. Dist. LEXIS 135706, at *36 (S.D. Cal. July

22    30, 2024).  Plaintiff's complaint regarding Rojas did not involve a matter of public concern.

23    Accordingly, the complaint must be dismissed for failure to state a cognizable claim.

24    <u>Leave to Amend</u>

25    Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an

26    amended complaint it should observe the following:

27    Any amended complaint must identify as a defendant only persons who personally

28    participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

3

1  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

2  constitutional right if he does an act, participates in another's act or omits to perform an act he is

3  legally required to do that causes the alleged deprivation).   The complaint should also describe,

4  in sufficient detail, how each defendant personally violated or participated in the violation of his

5  rights.  The court will not infer the existence of allegations that have not been explicitly set forth

6  in the amended complaint.

7      The amended complaint must contain a caption including the names of all defendants.

8  Fed. R. Civ. P. 10(a).

9      Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See

10  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

11     Any amended complaint must be written or typed so that it so that it is complete in itself

12  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

13  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

14  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

15  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

16  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

17  1967)).

18     Finally, the court notes that any amended complaint should be as concise as possible in

19  fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of

20  procedural or factual background which has no bearing on his legal claims.

21                                      Conclusion

22     Accordingly, IT IS ORDERED that:

23     1.   Plaintiff's application to proceed in forma pauperis (ECF No. 6) is GRANTED;

24     2.   Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

25           accordance with the notice to the Director of CDCR filed concurrently herewith;

26     3.   Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30

27           days of service of this order; and

28           ////

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE